DAVID H. WAITE, Appellee, v. GEORGE J. CONSIGNY, JR., Appellant.

SPECIFIC PERFORMANCE:   Contracts Enforceable—Contract of
1  Exchange—Mutual Mistake in Quantity of Land.   Evidence reviewed, and held sufficient to establish mutual mistake in the quantity of land actually conveyed, with consequent right to a decree of specific performance.

SPECIFIC PERFORMANCE:   Contracts Enforceable—Exchange of
2  Land—Definiteness.   A contract by which one party is to receive, in exchange for certain land, double the area thereof, which latter is to be located between the extension of definite lines, is sufficiently definite to permit specific performance.

JUDGMENT:   Conformity to Pleadings—Permissible Variance.   A
3  decree in equity, which is in full accord with the undisputed evidence of both parties, will not be disturbed, in the absence of objection in the trial court, even though such decree is slightly variant from the pleadings.

*Appeal from Palo Alto District Court.*—N. J. LEE, Judge.

APRIL 1, 1918.

SUIT in equity to reform a deed and enforce specific performance.   There was a decree for the plaintiff, and the defendant appeals.—*Affirmed.*

*E. A. & W. H. Morling,* for appellant.

*Thos. O'Connor,* for appellee.

EVANS, J.—In June, 1914, the parties entered into an oral agreement to exchange ground.   Measurements were made and deeds executed accordingly.   The claim for the

1. SPECIFIC PERFORMANCE: contracts enforceable: contract of exchange: mutual mistake in quantity of land.

plaintiff is that a mutual mistake occurred in the making of the measurements, which resulted in a very substantial deficiency against him.   The following plat will aid to an understanding of the case.

Prior to the exchange, the plaintiff was the owner of Lots 8, 9, 10, 11, and 12, appearing upon the plat. His improvements were located upon Lot 12. The defendant was the owner of Lots 5, 6, 7, and 14. Lot 14 comprised about 34 acres of ground, being the residue of a 40-acre tract, less the platted portion indicated. It is plaintiff's claim that the defendant proposed to acquire from him Lots 8 and 9, and in exchange therefor to convey to the plaintiff a strip of ground of double area, which should lie in a rectangle to the west of Lots 10, 11 and 12. The county surveyor was called, to make the measurements. He measured the area of Lots 8 and 9, and thereafter staked out a tract lying west of Lots 10, 11, and 12, for the full length thereof, and 56 feet and 4 inches wide. The plaintiff

went into possession of the same. The defendant prepared both deeds, in accord with such measurement. More than a year thereafter, the plaintiff discovered, as he alleges, that there was a mistake in the measurements, and that the tract laid off by the surveyor, instead of being double the area of Lots 8 and 9, was only one half of the area of such lots. That is to say, the area of Lots 8 and 9 was double the area of the tract laid off by the surveyor. The mistake, if such, was so egregious that a considerable burden is laid upon the plaintiff to overcome the fact that he failed to discover it at the time. The circumstances of his discovery were that he was undertaking to sell his property, and someone else discovered that he did not have as large an area as he claimed to have. The deed executed by the defendant to the plaintiff was left for the plaintiff at a bank, and had never been called for by the plaintiff until his attention was directed to the alleged shortage. Plaintiff's evidence, in some respects, is indefinite, but the more strategic facts are well proven. We are satisfied that a basis of exchange was orally agreed on before the survey, and that this basis was proportionate to the area of Lots 8 and 9. This is indicated by the fact that the surveyor measured the area of Lots 8 and 9 before staking off the other ground. The strong preponderance of the evidence is that the plaintiff was to have at the rate of two acres for one. Not only does the plaintiff testify to this effect, but he is corroborated by three or four witnesses, to whom the defendant had communicated the same fact. There is no evidence on either side of any different proportion as the basis of exchange. While the defendant admits that there had been talk between them about that proportionate basis, he contends that such talk related to a strip at the north, and extending from Lot 12 to the railroad track. He does not claim, however, that any different basis was ever agreed on in advance of the execution of the deeds.

It is certain that the dimensions of the strip as fixed by the surveyor had not been agreed upon in advance, except as they should be ascertained by the surveyor as a matter of computation. The defendant, as a witness, testified that no basis of exchange was agreed on in advance as to the land which he conveyed. He was, therefore, driven to the further statement that there was no advance oral agreement at all, until after the surveyor had staked the ground. This position is contradicted by undisputed circumstances. Prior to the survey by the surveyor, Briggs, the defendant's employee, following the instructions of both parties, had measured out the ground which should be conveyed to the plaintiff. The tract thus measured by Briggs seemed so large to the plaintiff himself that he believed Briggs had made a mistake. Thereupon, the surveyor was called in. His lines were accepted, and the fence built thereon by Briggs. The plaintiff went into possession of the new tract, and so continued for more than a year before his discovery. The strong circumstance against him, as already indicated, is that he could fail to discover by observation so great a mistake. And yet the fact that one tract was practically square and that the other was a narrow rectangle was somewhat calculated to throw him off his guard, and to cause him to accept the figures of the surveyor. The circumstances of the case seem to favor the plaintiff strongly. The testimony of the defendant as a witness is not at all assuring.

From a careful reading of all the evidence, we have become fully persuaded that there was the mistake contended for. It was probably the mistake of the surveyor, in reversing the proportions. It thereby became the mutual mistake of the parties, by their adoption of it. If the mistake was not mutual, it was because the defendant had perceived the same and had not disclosed it.

It is urged that the particular land involved is too in-

definite in description to enable specific performance. The trial court awarded to the plaintiff a tract in rectangular form, lying to the west of Lots 10, 11, and 12, its north and south lines being extensions of the north line of Lot 12 and the south line of Lot 10. The width thereof was such as to make double the area of Lots 8 and 9. We think this was sufficiently definite.

2. SPECIFIC PERFORMANCE: contracts enforceable: exchange of land: definiteness.

It is also urged that the trial court thus awarded a tract which was other than that claimed in the petition. There is a slight discrepancy as between the petition and the decree. The petition claimed a somewhat narrower strip, extending to the north line of Lot 14. It will be noted that there is, upon the plat, a little jog of 33 feet between the north line of Lot 12 and the north line of Lot 14. Both parties testified, however, that the tract to be conveyed to the plaintiff was to extend to the north line of Lot 12, and no more. The decree was, therefore, in accord with the undisputed testimony on both sides. No effort was made in the trial court to obtain a correction of the discrepancy between the pleading and the decree. In the absence of motion in the court below, we would not be justified in reversing on account of such discrepancy. If we did so, we should have to remand the case, with leave to the plaintiff to amend his petition to conform to the undisputed evidence. We think the district court did not err in the conclusion reached. The decree is, therefore,—*Affirmed.*

3. JUDGMENT: conformity to pleadings: permissible variance.

PRESTON, C. J., LADD and SALINGER, JJ., concur.